IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARGARITA PARRENO, | No. C 09-3422 RS |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| BERRYESSA UNION SCHOOL DISTRICT, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Margarita Parreno was employed by defendant Berryessa Union School District ("the District") as a school psychologist. She contends that beginning in the Fall of 2004, a number of school district administrators began a campaign of retaliation against her based on her advocacy on behalf of minority students and their parents. Dismissal proceedings were initiated against Parreno in May of 2006 while she was out on medical leave, culminating in her termination from employment in January of 2008.

The District, the sole named defendant, now moves to dismiss, primarily based on the argument that as an arm of the state, it is immune from suit in this Court under the Eleventh Amendment. With one exception, Parreno concedes her claims against the District are barred, but she seeks leave to amend to name individual District employees who she contends personally

violated her rights. Although *all* the claims against the District are barred, mandating its dismissal from this action, Parreno will be given leave to amend to name individual defendants. She should do so, however, only if she can in good faith compliance with Rule 11 allege timely claims in light of the observations below. This matter will be submitted without oral argument, pursuant to Civil Local Rule 7-1(b).

II. DISCUSSION

A. Claims against the District

As noted, Parreno concedes that the Eleventh Amendment precludes her from proceeding against the District in federal court on all her claims, save one. Parreno argues that the District has failed to establish that her claim for *injunctive* relief is barred. In addition to the fact that Parreno's claim for injunctive relief is inadequately pleaded because it fails to specify the relief she seeks, Parreno misapprehends the scope of Eleventh Amendment immunity. Although a plaintiff may, in appropriate circumstances, seek injunctive relief against state officials under *Ex Parte Young*, 209 U.S. 123 (1908), that does not give Parreno a claim against the District. As Parreno has not suggested that any amendment could overcome the District's Eleventh Amendment immunity, the claims against it will be dismissed, without leave to amend, but without prejudice to any claims she may be able to advance in state court, where the Eleventh Amendment would not be implicated.[1]

B. Claims against individuals

The District's motion to dismiss includes argument that the claims presently pleaded against "Doe" defendants also fail, among other reasons, under the Eleventh Amendment. Because no "Doe" defendants have been served, there is no one to "dismiss," as the District appears to be urging. It likely is true that the complaint's general and conclusory allegations against the "Doe"

---

[1] The Court does not mean to imply that any of Parreno's claims against the District necessarily would be viable in state court; other impediments to proceeding there may well exist.

2

defendants fail to state a claim for any number of reasons, but they are not parties before the Court at this juncture.

What *is* before the Court, is Parreno's request that she be given leave to amend to name as defendants the individual district employees who she alleges acted against her. The District appears to understand that, notwithstanding its arguments regarding the existing allegations against "Doe" defendants, it is at least theoretically possible for a plaintiff to assert viable claims against individual defendants in their *personal* capacities, even where the allegedly wrongful conduct occurred in the scope and course of employment by the state. *See Hafer v. Melo*, 502 U.S. 21, 30 (1991) ("The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the "official" nature of their acts.")

The parties dispute whether any claims against new defendants will "relate back" to the date this action was filed, for purposes of the statute of limitations. The District contends there can be no relation back under Federal Rule of Civil Procedure 15(c)(1)(C), citing *Eaglesmith v. Ward*, 73 F.3d 857 (9th Cir. 1995). *Eaglesmith*, however, involved a plaintiff's request to change the capacity in which an *existing* defendant was named. As such, it did not implicate the California law permitting the substitution of previously-unnamed persons for "Doe" defendants. Because California law provides the applicable statute of limitations here, under Rule 15(c)(1)(*A*), the Court must look to California's relation-back rules.

That said, it is unlikely that the individuals Parreno proposes to name as defendants can be substituted for "Doe" defendants even under California law, such that the claims would relate back to the filing of this action. To avail herself of California's relation back rule, Parreno must demonstrate that she was genuinely ignorant of the defendants' identities or the facts giving rise to their purported liability at the time the complaint was filed. See Cal. Code Civ. P. § 474; *Schroeter v. Lowers*, 260 Cal.App.2d 695,700 (1968) ("This lack of knowledge of the true name of a defendant must be real and not feigned, and must not be willful ignorance, or such as might be removed by some inquiry or resort to information easily accessible.") It does not appear Parreno will be able to satisfy this requirement because all, or nearly all, of the individuals Parreno may seek to add were in fact *named* (though not as defendants) in the existing complaint, and she surely knew

3

the identities of any others when she commenced this action. Additionally, a significant question may remain as to whether the claims would be timely even if relation back were available.

Accordingly, while leave to amend will be granted in light of the liberal policy favoring amendment, Parreno is cautioned to give careful consideration to whether any claims against individuals are viable and to proceed only if there is a good faith basis for doing so.

### III. CONCLUSION

The District's motion to dismiss is granted, without leave to amend as to the District, but without prejudice to any claims in a non-federal forum. Any amended complaint against any individual defendants shall be filed within 20 days of the date of this order.

IT IS SO ORDERED.

Dated: 02/08/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE